Good morning. May it please the Court. Good morning, Counsel. Elizabeth White for the United States. I'm going to try to save two minutes for rebuttal. I'll watch my clock. The question in this case is whether a conviction in Nevada for attempted battery resulting in substantial bodily harm is a felony crime of violence. That's two questions. Is it a felony? Is it categorically punishable by more than a year in prison? And is it a violent crime? That second part is further subdivided into three questions. It could be a crime of violence because it has as an element the attempted use of force. It could be a crime of violence because it constitutes an attempt to commit a crime of violence. Or it could be a crime of violence because it constitutes aggravated assault. It would be useful to me if you focus in your limited time on the second part, not the first part, but the enumerated crime part. Okay. Thank you. Thank you. I will do that. In short, the Supreme Court has defined the force that is necessary to constitute a crime of violence in the 2010 Curtis Johnson case and reiterating very recently in Stokely. Maybe I was unclear, and I don't want to cut off my colleagues. I'm assuming for present purposes that the district court was right in finding that this didn't qualify under the force clause. When I'm having difficulty figuring out, the hard part of the case for me is dealing with the enumerated crimes clause. Okay. The aggravated assault part of the enumerated crimes clause. Oh, I see. So even if it didn't involve sufficient force, it would be – it would qualify as a violent crime if it were aggravated assault, correct? Yes. Yes. And your colleague says that's true, but in – under State law, aggravated assault can be committed without inflicting serious bodily injury. Yes. It can be inflicted by an unwanted touching that causes severe physical pain. That's the part of the case I'm struggling with, so I want to hear what you have to say on this. Well, but I want to go back, because I think we do need to talk about the Supreme Court has defined violent force as force capable of causing physical pain. Substantial bodily harm in Nevada is defined to include prolonged physical pain. And my argument is, as a matter of common sense, a person cannot inflict prolonged physical pain without using force capable of causing physical pain. But that's just a single phrase out of Johnson. Justice Scalia's opinion is actually a great painstaking to say that mere touching, which is common law misdemeanor battery, is not enough. Yes. And under State law, yes. And if you pull out just capable of causing physical pain, I might agree with you, but if I read the rest of that page, and it's a whole page devoted to this, Justice Scalia makes it very clear in Johnson that we're talking more than a mere touch, whether or not that mere touch could cause such pain. Well, actually, I think that what the yes, it has to be force capable of causing physical pain. And it has to be more than a mere touch. Well, I'll tell you what. What the Court said just last month in Stoeckling, okay, in Stoeckling finding that Florida robbery is a crime of violence. What the Court said is that Stoeckling had asked the Court to adopt a definition that it's highly likely to cause severe physical pain. And the Court said, no, that is not what we said in Johnson. What we said is capable. Right. But you're not you want to put all your eggs in the force basket. That's your call. I'm suggesting to you it's not a good call. Okay. Because what Justice Scalia said was a mere touching is not enough. Right. And what, as we read, as your colleague argues, State law, a mere touching that caused severe physical pain because the person you merely touched had extensive burns on their body would qualify. Okay. So you need to – it's that part I need you to respond to. And this is what I think. I think, all due respect, that the defense is significantly misreading Collins v. State. Collins v. State. The question in Collins v. State is whether the phrase prolonged physical pain is unconstitutionally vague. And what the Supreme Court held, the Nevada Supreme Court held in Collins, is that that phrase is not unconstitutionally vague because that – because the phrase prolonged physical pain has a well-settled and ordinarily understood meaning. Now, in the context of that – I understand that it does. But didn't the Court also say in Collins that, for example, one could produce severe physical pain with merely a slight touching? There is a – Didn't they say that? They – they quoted an appellate court in the State of New York saying, you know, pain is a subjective thing. If you could – you could punch a gymnast in the solar plexus and not cause any pain at all, touching someone with third-degree burns could cause substantial pain. And they said that in the context of explaining the definition, the dictionary definition of pain. Okay. So you don't think – you don't think in – and again, I'm not sure why we should be spending as much time on this one as on the other one, but it's your choice. Why isn't in this state, in the State of Nevada, it sufficient for aggravated assault for me to touch you slightly? And let's assume that I know you have burns all over your body. I want to cause you severe physical pain, so I rub my hand down your back. Is that aggravated assault in this State? I don't mean to – my answer is we have no idea because it has never happened. Okay. And what the Supreme Court – If it is, if it is, because even though it's never happened, we have a State supreme court decision suggesting it might be, then it would not necessarily involve the use of – of the kind of force that qualifies under the force clause, correct? Yes, but with respect, I would say that that is legal imagination. And what the Supreme Court said in Duenas-Alvarez is that the categorical analysis is not an invitation to legal imagination. It's not enough to envision a hypothetical case. You have to – Now, I've struggled with Duenas-Alvarez over the years in various ways, and we can get there two ways to satisfy Duenas-Alvarez. We can find absolutely – we can find reported case law, or we can find clear statements by a relevant State court. If there's a clear statement by a relevant State court, it's possible, of course, that we're not going to get reported cases. Some years ago, I went through a whole series of California cases to try and figure out what was actually going on because we're not talking about whether it's a realistic possibility it's going to show up in the appellate reports of a State. What we're talking about, is it realistically going to show up as prosecutions that are brought? There's a plea bargain or whatever it is. And if you've got a clear statement from the Supreme Court of the State, this is how the law works, that's all you need under Duenas-Alvarez. So the question to me is, well, how clear is Collins? And Collins, to me, is very clear. I would say that I – I respectfully disagree. I think that the – that what they're talking about in this single paragraph in Collins, they're not talking about the statutory definition of pain. They're talking about a dictionary definition of pain. No, they're talking about the statutory definition because they're trying to figure out whether or not it's unconstitutionally vague. And what the court does in Collins is to say, well, we're not going to – we're not going to hinge our constitutional analysis on a definition of pain. Pain, we're not even going to define. It runs the gamut. Right. We're going to save this from constitutionality by talking about prolonged. Yes. So the question in Collins is, any degree of pain is enough. If it's prolonged. If it's prolonged. Yes. And what prolonged means is the pain that lasts beyond the sort of the physical touching. Yes. Which means that if I touch someone who's burned and I lift my finger away, that person is going to suffer pain for a prolonged period. Therefore, it's satisfied. I think – I don't think Collins is very hard to understand. What do you do with footnote 3 in Collins? Footnote 3 in Collins seems to directly support what Judge Fletcher is saying. Right. Well, what I'm saying is, is that if the level of force that you are using causes prolonged physical pain, substantial bodily harm, that force by definition is force capable of causing physical pain. Yes, but you're just pulling that single phrase out of Johnson and you're not reading the rest of the page, where Justice Scalia is very clear in saying mere touching is not enough. With respect, Your Honor, what I'm also doing is looking at Stokeling, where Stokeling says the defense is saying it has to be severe, it has to be strong, it has to be violent, it has to be forceful. But that's a robbery definition. That's generic robbery requires that I forcibly take property – that I take property from someone else in a certain way. We're dealing here with a battery definition. That's quite different. Well, what they're – but what they're talking about is the Johnson definition of what violent force is. Right. For purposes of robbery. I think the Johnson definition for violent force for purpose of the ACCA is the same definition that this Court has applied to 4B1.2. I see my time is up. Why don't we hear – why don't we have them on the other side, and we will make sure you get a chance to respond. Thank you. Thank you. May it please the Court, Amy Cleary on behalf of Mr. Fitzgerald. I don't think I've ever said this before, but I absolutely agree with the panel's questions regarding – I don't agree. With two of the – I'd love to hear – With two of the panel's questions. I'd love to hear your response to your opponent's reading of Collins, because I don't read it the way my colleagues do, so I need some persuasion on that. Absolutely, Your Honor. I do agree that the Collins Court's amorphous definition of prolonged pain is just that, and that the district court below, in trying to assert that this definition of pain was violent force definition in the elements clause. It just can't. And in assessing whether that meant the violent force definition for a crime of violence, she was correct. In order to enhance someone's offense level, the government had a burden to carry to show the district court that there was no uncertainty, no ambiguity. The government could not do that under the Collins definition. That's how the – But there's no statement in Collins that says that that touching of someone with third-degree burns would render you guilty of this battery offense. That is not what the Court said. No. That's the problem for your position. That's my point. The – I'm sorry, Your Honor. The Collins Court left it to the imagination. It said prolonged pain can't be basically defined. Pain is a general understanding. It cannot just be that. No. I don't think the Court said that. I mean, we can all read the paragraph. What I think the Court said in Collins was pain can't be defined. It ranges the whole gamut. Prolonged, however, can be defined. And that's – So anything that constitutes pain under any definition qualifies. So that's as broad as any possible use of the word pain. Correct. Prolonged, however, is what limits it. But that's only part of the district court's decision. What I really like to focus on is the preliminary question, which courts in the Eighth and the Tenth Circuit and a panel of this Court recently decided was, before you even get to that, is when you have a conviction like Mr. Fitzgerald had, where it is not a straight-up felony, it's a wobbler offense, the district court did the right thing and considered whether under Moncrief, you can say that this was necessarily a crime that was punishable by more than a year in prison. And it is not. Moncrief, as this Court has previously now recognized in joining other circuits, said that in order to find that a crime is necessarily punishable, it has to – Necessarily a crime that could be punished by. Not necessarily punishable, because then we would never analyze it. If it was necessarily punishable, every wobbler would not be a felony. Well – That's not what Moncrief said. Moncrief didn't say every wobbler is not a felony, did it? Well, it's coming close, because – Well, I know, but it didn't say that. Well, it requires – And no court – no court that I know of has ever said that it's automatically not a felony because it's a wobbler. There's no decision – No, no, no. And I'm not saying that, Your Honor. So – but the word necessarily would lead to that conclusion, because you wouldn't necessarily be punished for a felony if you committed a wobbler. A court could give you a misdemeanor sentence. But not all wobblers are treated the same across the States. That's to be sure. So why is this wobbler one that doesn't qualify as a felony? He could have been punished for up to five years. Because in this case, there was nothing that prohibited him from being sentenced as a misdemeanor. See, but that's – see, that's where I'm having trouble with your argument. I – if your argument is that there's nothing that prohibited from him being sentenced as a misdemeanor, that would be true in every case in which somebody was eligible for the misdemeanor sentence, correct? Correct. And that's – you think Moncrief holds that in every case where someone is eligible for the misdemeanor sentence, it's automatically not a felony? I do, and I'll explain why. There – even in Nevada, he could have been eligible for an age-enhancement penalty. He could have been eligible if this were not an attempt conviction. He would not have been eligible for the misdemeanor. It wouldn't have been a wobbler. He could have had recidivism. There's many ways he could have been. Correct. What you're saying is because the judge, who I think in this case had discretion to either sentence him to a felony or a misdemeanor, chose a misdemeanor, that ends our analysis, correct? That's your point? If he would have chosen a misdemeanor? Well, he chose a sentence in this case which was not more than a year, correct? No. He sentenced him as a felony. Okay. So I'm sorry. I flipped my argument around. If he'd chosen a misdemeanor, would you argue that it's automatically a misdemeanor? I would – my argument would be the same regardless. Okay. So then it seems to me what you're really arguing is that in every wobbler case in which the person is eligible for either, we must treat it as a misdemeanor. Correct. And do you think Moncrief holds that? I do because I – otherwise, the reverse of what you said would also be true. Because if someone – if you were only looking at what they received, that flips Moncrief on its head. Okay. No. I understand your argument. I'm frustrated this morning a little bit because I really want to talk about the enumerated crimes part of this. And neither – Well, I don't want to frustrate you, Your Honor. Neither of the lawyers do, so I must be – and it's your case, so you're entitled to argue it the way you want. Thank you. I don't want to talk about it either. Judge Fletcher hasn't – and Judge Watford hasn't exhibited any willingness to talk about it. Believe me, I'll answer any – wherever you want to go, Your Honor. Let me just – let me give you a long question and see how you respond to it. Okay. We have an enumerated crimes clause, correct? Correct. It lists aggravated assault. Correct. As one of the enumerated crimes. Correct. Your client was convicted of what – of an attempted aggravated battery, which is to say a battery with the intent to cause serious bodily harm. Substantial, yes. Okay. Why – tell me why that isn't aggravated assault, generic aggravated assault, for purposes of the enumerated crimes clause. The easy answer is attempt does not, after the residual clause fell out, qualify for any of the enumerated offenses, no matter how you try to couch them. Why is that? The model penal code defines a generic assault as both the attempt and the act. And that's fine for the model penal code, Your Honor. But why doesn't that make it the generic offense? Because the – once the residual clause fell out, there is nothing in the text of the enumerated offenses that allows the inchoate offenses to somehow add to them through assault – attempt. Unlike the force clause, where it says attempted, you cannot superimpose attempt into the commentary offenses. So your position is that even if the generic definition of a crime includes the attempt under the enumerated crimes clause, we can't – we don't include attempts? No. And other circuits – Then you've got to get to Application Note 1. So tell us why Application Note 1 doesn't apply. Because it's commentary that's not been approved by Congress. It's something that the Commission can throw in there without congressional approval. Other circuits have said that there's nothing in the text that supports it once the residual clause fell out. This Court would be going against other circuits in finding that attempt. Against one other circuit and with one other circuit, no. Well, and actually, I didn't want to overload the panel, but there's also the D.C. Circuit now also holds that the commentary doesn't support attempt. The second reason is aggravated or assault also requires – aggravated assault requires that there be additional aggravators, whether it be a deadly weapon or – Or serious bodily injury. But – I know you're back to your columns. We're back to the long – Well, and this is the last point I wanted you to ponder and give me an answer to. I think even if I accept your reading of Collins, as I read Nevada law, it says that in order to commit an attempt, one must have the specific intent to do the completed crime. So unlike – unlike a substantive assault or aggravated assault, here I would have to have the intent to do whatever the last part. Which we would not have here. Well, but then I get back to my other question, which is, doesn't the definition of serious bodily injury in the guidelines include extreme physical pain? Which is different, however, than Collins. The intent requirements don't match up. Well, I assume they do match up because of attempt for a moment. Is extreme physical pain in the guidelines different than prolonged physical pain in Collins? It is because of the definitions. The definitions for extreme physical pain in the full definition of the guidelines is separate and apart and narrower than the – than what you see the Collins definition. Correct. I'm sorry to take you on that side trip. No, absolutely, Your Honor. I'm having trouble figuring out that. I don't want to – I don't want to annoy you, Your Honor. No. I don't think you did. Even if you did, it wouldn't matter. Okay. Thank you. Thank you very much. Thank you, Your Honors. Would you please put a minute on the clock, Mr. O'Murrah? Based on all of that, I have three points that I want to make, so I'll try to talk really fast. Okay. Your Honor, don't – say what you need to say. Thank you. It's okay. First of all, unlike the statute that was at issue in Moncrief and Valencia, Mendoza, a conviction for attempted battery with substantial bodily harm in Nevada,  that ends up with that conviction. The conviction alone always, in every single case, gives the sentencing judge the authority to impose a sentence of more than a year. So it is always punishable by a sentence. But isn't that true about the crime in Moncrief? No. The issue in Moncrief, it was a Georgia statute, and the question is whether it was punishable as a felony under the Controlled Substances Act. The Georgia statute could be violated a bunch of different ways. One of those ways was the possession of a small amount of marijuana for distribution without remuneration. If that was the conduct that violated that statute, that would be punishable under the Controlled Substances Act only as a misdemeanor. It would not be punishable. And that was what the Supreme Court said. This conduct, the conduct in Georgia, some of it is not punishable as a felony under the CSA. And the difference in Moncrief was that the actual penalty received was No. You don't look at the penalty received. You don't look Here's my problem. We have to interpret state law first, right? Right. We can't say that you couldn't have received the penalty that the state actually gave you. Thank you. Yes. Well, there's that. We can't say that. Yes. So he was actually punished as a felon. But like in Valencia-Mendoza, what the Court said was the statute says two years. But if under Washington's mandatory sentencing scheme, if the defendant has no criminal history and there was no gun, the most the judge can impose is six months. Again, that's not the situation we have here. Let's get back to Moncrief. Did the defendant receive a sentence of over a year? I don't think so. But the Court was very clear that it didn't matter. I mean, the Supreme Court was very clear that that doesn't matter. That's right. But because he received the lesser sentence in Moncrief, I think the Court said we interpret Georgia law as him not being eligible for the longer one, because as we read Georgia law, he couldn't have gotten the longer one. That's a different situation than this one. Yeah. He could have gotten the longer one here, because he did. We can't question the state law. And I think, yes. So what do we do with Moncrief under these circumstances? What I would say is that the difference between the Moncrief is easily distinguishable here, because in every single case, every single conviction of this statute, no matter what the conduct is, is punishable as a felon. You could have received more. Yes. And just two very quick points. I do want to say that I agree that this also, that this statute attempted battery with substantial bodily harm, which is to say attempting to judge someone in a way that would cause substantial bodily harm, meets the definition of aggravated assault, the generic definition of aggravated assault. Because aggravated assault is an assault that includes attempts to cause serious bodily injury. But the crime itself, not talking about yet the attempted crime, but the crime itself is a willful touching, but does not include an intent to cause the harm. Right. But as Judge Hurwitz said earlier, so the battery of substantial bodily harm is a general intent crime. Attempt to commit that is a specific intent crime. Wait a minute. Let me give you the following. I dare you to make your points quickly, given the questions we're asking. We've got a man lying in bed, severely burned. Two people are beside the bed. One person reaches out to touch him, willfully reaching out to touch him. In other words, he's trying to commit what will be a crime. The guy next to him reaches out and stops him. Sounds as though that was an attempt. Right? If he intended to inflict substantial bodily harm. No. The only crime is touching with the result. Willful touching. So he's reaching out willfully, and the result will be to cause the substantial harm. So he's doing it. He's attempting it. And he stopped. Why is that not an attempt? I think that that would be an attempt to commit a bad – well, assuming that the touching – okay. You know, I have a different view of Collins. But I think that to be convicted of attempt to commit battery resulting in substantial bodily harm, you have to attempt, you have to intend to cause substantial bodily harm. In other words, you're putting in a greater intent for the attempt than the actual  And that frequently happens with attempt crimes, because, I mean, any time you have a general intent, the substantive, the completed crime is a general intent. But the attempt to commit it is a specific intent, because you have to have the intent to commit every element of the completed crime. And if the completed crime is battery with substantial bodily harm, you have to actually intend to do that. Again, there's no Nevada case. I mean, this is the – this is – We're dancing on the head of the camera. And this is the final point that I will make. And I apologize for going over. You know, this Court has over and over and over again said, when you're talking about substantial bodily harm, when you're talking about, you know, this is juvenile female, this is Grajeda, this is, you know, Watson, this is – you know, seven or eight times this Court has said, when you're talking about substantial bodily harm, now you're talking about actual Johnson violent force. It is simply common sense. And when it comes to the use of a deadly weapon or when it comes to the inflicting of substantial bodily harm, this Court and most of the other courts of appeals have eschewed these kind of – yes, you can come up with a hypothetical where you touch someone accidentally or whatever. But what we're talking about here is the people who are convicted of battery with substantial bodily force in Nevada or attempted substantial bodily force in Nevada, these are serious crimes. And you can go down the list and you see this is not something that the State of Nevada takes lightly, and you cannot find a case that would not qualify as Johnson violent force that would violate the statute. Thank you. Thank you. Thank you. Thank both sides for good arguments in a tricky case. United States v. Fitzgerald now submitted.
judges: W. Fletcher, Watford, Hurwitz